NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GIOVANNI ARISTIDES DURAN, AKA
Giovanni Duran,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    16-70469

Agency No. A094-316-243

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Giovanni Aristides Duran, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for deferral of removal under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Duran's omission from his first two asylum applications of information regarding the harm his brother experienced from the MS-13 gang. *See Shrestha*, 593 F.3d at 1047; *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (an applicant "present[ing] substantially different accounts of mistreatment in successive asylum petitions" can constitute a material alteration sufficient to support an adverse credibility finding). Duran's explanations do not compel a contrary conclusion. *See Zamanov*, 649 F.3d at 974.

**PETITION FOR REVIEW DENIED.**